UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL R. SMYTHE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:13-CV-12 (CEJ) |
| RAYCOM MEDIA, INC., | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss for failure to state a claim for relief, pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has filed a response in opposition and the issues are fully briefed.

**I.   Background**

Plaintiff Michael Smythe began working for defendant Raycom Media, Inc., as a general sales manager in 1998. He became the general manager of defendant's television station in Cape Girardeau, Missouri, in 2001. Complaint ¶3 [Doc. # 4]. During his employment, plaintiff participated in two plans defendant offered to select employees: the 1997 Stock Option Plan and the 1997 Restricted Stock Plan (the "stock option plan" and "stock plan," respectively). Id. ¶4. The purpose of the plans is "to aid Raycom Media, Inc. . . . in attracting and retaining Key Employees . . ., to stimulate the efforts of such Key Employees, [and] to strengthen their desire to remain with the Company." § 1.1 of the plans [Doc. #4]. Plaintiff alleges that he was awarded a total of 29,178 shares of defendant's common stock through the two plans.[1]  Complaint

---

[1] Plaintiff states that he was granted an unspecified number of shares under the stock plan on two occasions and that he was granted "shares" under the stock option plan on five occasions. Since the stock option plan does not grant shares directly but

¶¶6-8.  In 2007, the parties entered into a shareholder agreement that governs plaintiff's ability to cause defendant to redeem his shares of stock.  ¶9.

On November 30, 2011, the parties "entered into an agreement to facilitate" plaintiff's retirement.  ¶11.  On February 27, 2012, plaintiff accepted employment with another television station in Cape Girardeau.  ¶12.  In a letter dated March 20, 2012, plaintiff was notified that defendant had forfeited all shares of stock plaintiff had been issued pursuant to the stock plan, but not the stock option plan.[2]  ¶13.

The forfeiture was based on § 8.3 of the stock plan, which provides that:

> [A] Participant shall forfeit all unpaid Awards . . . if, . . . in the opinion of the Board [of Directors], the Participant, without the prior written consent of the Company, engages directly or indirectly in any manner or capacity as . . . employee . . ., in any business or activity competitive with the business conducted by Raycom Media or any Subsidiary.

§ 8.3 of stock plan.[3]

The plans assign defendant's board of directors "total and exclusive responsibility to control, operate, manage and administer" the plans.  § 4.1.  The board has the "exclusive right"  to:

> (a) interpret the Plan; (b) determine eligibility for the participation in the Plan; (c) decide all questions concerning eligibility for and the amount of Awards payable under the Plan . . . and (m) take any and all other action it deems necessary or advisable for the proper operation or administration of the Plan.

---

options that may be exercised for shares, it is unclear whether plaintiff intends to allege that he received options which he then exercised for shares or that he retains options to be exercised.  Plaintiff does not explicitly allege that he exercised his stock options, but states in his response to defendant's motion that he did exercise the options and requests leave to amend his complaint to so allege.

[2]The record does not include the March 20, 2012 letter.

[3]The stock option plan contains the same provision.

-2-

§ 4.2.  Furthermore, the board has "full discretionary authority" and "the decisions of the Board and its action with respect to the Plan shall be final, binding and conclusive upon all persons having or claiming to have any right or interest in or under the Plan." § 4.3.  Finally, the plans are governed by Delaware law, "except as superseded by applicable Federal law." Id. at § 12.6.

In the complaint, plaintiff asserts that the forfeiture-for-competition provisions contained in the plans "are invalid under the law of the State of Delaware because those non-competition provisions are not reasonable insofar as they contain no time or geographical limitation and otherwise arenot designed to protect a legitimate economic insterest of the Defendant." Complaint ¶ 15(a).  Plaintiff seeks a declaration that the forfeiture provisions are invalid or, alternatively, that he is the owner of shares of common stock issued pursuant to the stock option plan.  Finally, he seeks a declaration that he has the rights of a shareholder under the 2007 shareholder agreement.

II.   Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint.  The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and

unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id.  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570.  See also id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.")  "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

When ruling on a motion to dismiss, a court generally may not consider matters outside the pleadings. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted).  It may, however, consider some public records, materials that do not contradict the complaint, exhibits attached to the pleadings, or materials that are necessarily embraced by the complaint. Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010).  In this case, plaintiff attached the plan documents as exhibits to his complaint.  The plans are materials necessarily embraced by the complaint and are proper for the Court to consider in ruling on the motion to dismiss.

### III.  Discussion

The Court must determine what standard Delaware courts would apply to decide whether the forfeiture-for-competition provision is valid and enforceable.  Plaintiff contends that, under Delaware law, the Court must examine the terms of the provision for "reasonableness."  Defendant counters that the Court is limited to asking whether the board's decision to invoke the forfeiture provision was the product of fraud or bad faith.[4]

---

[4]Defendant further argues that plaintiff's claims fail even if the Court determines that the reasonableness standard applies.  Because the Court concludes that the "bad faith or fraud" standard applies, it is unnecessary to address defendant's alternate

Plaintiff cites <u>Pollard v. Autotote, Ltd.</u>, 852 F.2d 67 (3rd Cir. 1988), in which the Third Circuit applied Delaware law to a forfeiture-for-competition provision in a deferred compensation incentive plan.  After plaintiff's position with the defendant was eliminated, he took employment with a competitor and the defendant forfeited his deferred compensation.  The Third Circuit noted that "Delaware courts have not addressed the enforceability of a forfeiture provision against an employee who was <u>involuntarily terminated without fault</u> and who subsequently accepts employment with a competitor."  <u>Id.</u> at 70 (emphasis added).  Noting that both "a covenant not to compete and a forfeiture-for-competition clause restrict an employee's ability to accept alternate employment", the court examined Delaware's treatment of noncompetition clauses in employment contracts.  <u>Id.</u> at 71.  Delaware courts evaluate the "reasonableness" of noncompetition provisions, by focusing on the time limitation, the geographic scope, and whether the provision is designed to protect a legitimate economic interest of the employer.  <u>Id.</u> at 72.  Plaintiff argues that, under <u>Pollard</u>, the Court should evaluate the forfeiture provision for reasonableness.  He further argues that the provision is invalid under this standard because it does not have time or geographic limitations.

Defendant argues that <u>Pollard</u> does not apply where an employee voluntarily leaves his employment.  In this circumstance, defendant asserts, Delaware law applies a "bad faith or fraud" standard, citing <u>W.R. Berkeley Corp. v. Hall</u>, 2005 WL 406348 (Del. Sup. Ct. Feb. 16, 2005).  In that case, the company invoked its right to recapture profits under a stock option plan after an executive went to work for a competitor.  The court applied the following standard:

---

argument.

> [W]hen a stock option committee is vested with final, binding and conclusive authority to determine a participant's right to receive or retain benefits, [a] decision made in accordance with the provisions of the agreement will not be second guessed by the Court absent a showing of fraud or bad faith.

Id. at *4.

The court rejected the employee's argument that the forfeiture-for-competition provision was a "non-compete liquidated damage provision that was an unenforceable penalty." Id. A forfeiture-for-competition clause differs from a noncompete provision in that:

> the [employee's] freedom of employment and his ability to seek or move to a new job was not abridged . . . nor were there any limitations on [him] to seek any job he so desired. All that is being sought here is the repayment of the financial benefit provided by the [employer] to the [employee] <u>when he decided to exercise the option to leave</u> according to the terms of the option agreement.

Id. at *5 (emphasis added). See also Lucente v. International Bus. Machines Corp., 75 F. Supp. 2d 169, 172-73 (S.D.N.Y. 1999) ("an employee who receives benefits conditioned on not competing with the conferring employer has the choice of retaining his benefits by refraining from competition or risking forfeiture of such benefits by exercising his right to compete."); Everett v. Nefco Corp., CIV.A.306CV00047VLB, 2007 WL 2936210 at *2 (D. Conn. Oct. 9, 2007) ("[U]nlike a covenant not to compete, a forfeiture of benefits clause does not prevent an employee from working in a specific field. Instead, it exacts a certain cost on the employee for exercising his right to compete. . . . [F]orfeiture provisions, unlike covenants not to compete, do not threaten one's ability to earn a livelihood.") (alterations in original); cf. Lucente, 75 F. Supp. 2d at 173 (so-called "employee-choice doctrine" applies only "where the employer is willing to keep the employee who is entitled to certain benefits by virtue of his

employment, but the employee, by his or her own choice, elects to change employers and thereby to forfeit entitlement to those benefits.").

W.R. Berkeley makes it clear that the "fraud or bad faith" standard applies in this case. By failing to allege fraud or bad faith, plaintiff fails to state a claim that § 8.3 of the plans is invalid.  To the extent that plaintiff challenges the board's decision to exercise § 8.3 to forfeit his shares under the stock plan, that claim also fails.  There is no dispute that the board "was vested with final, binding and conclusive authority" to determine plaintiff's eligibility under the stock plan and plaintiff has not alleged that the board of directors acted fraudulently or in bad faith when it acted.

Plaintiff also seeks a declaration that he is the owner of shares issued through the stock option plan.  This claim also fails because plaintiff does not allege that he exercised his options.  Even if he is allowed to amend his complaint to allege that he did timely exercise the options, plaintiff would have to show that he can avoid the operation of § 8.3 of the stock option plan, a matter which he has not addressed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss plaintiff's complaint for failure to state a claim [Doc. #7] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 15th day of August, 2013.