UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL R. SMYTHE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 1:13-CV-12 (CEJ) |
| | ) |
| RAYCOM MEDIA, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Michael Smythe brought this declaratory judgment action against his former employer, defendant Raycom Media, Inc., to reinstate stock shares he was awarded during his employment and that were forfeited when he went to work for one of defendant's competitors.  The Court dismissed the complaint for failure to state a claim for relief.  Plaintiff now moves to reconsider the dismissal order, pursuant to Fed.R.Civ.P. 59(e), and asks for leave to file an amended complaint.  Defendant has filed a response in opposition to the motion and the issues are fully briefed.

### I.    Background

During his employment, plaintiff was awarded shares of defendant's common stock through plans defendant offered to select employees.  The plan documents included a provision authorizing defendant's board of directors to forfeit a participant's shares for engaging in anticompetitive conduct, such as working for a competitor.  The board took that action when, shortly after his termination, plaintiff went to work for a rival.  In his complaint, plaintiff contended that the forfeiture provisions were unenforceable under Delaware law because they did not have reasonable restrictions as to duration or geographic scope.  Defendant moved to dismiss, arguing that, when

a board of directors took an action committed to its discretion, a reviewing court was limited to determining whether the board's action was the product of fraud or bad faith.

The parties supported their positions with citations to case law. Plaintiff relied on Pollard v. Autotote, Ltd., 852 F.2d 67 (3rd Cir. 1988), in which the Third Circuit Court of Appeals reviewed a forfeiture-for-competition provision for reasonableness, including appropriate limitations on geographic scope and duration. Defendant relied on W.R. Berkley Corp. v. Hall, 2005 WL 406348 (Del. Sup. Ct. Feb. 16, 2005), in which the court stated:

> [W]hen a stock option committee is vested with final, binding and conclusive authority to determine a participant's right to receive or retain benefits, [a] decision made in accordance with the provisions of the agreement will not be second guessed by the Court absent a showing of fraud or bad faith.

Id. at *4.

In determining whether to apply Pollard or W.R. Berkley, the Court noted that the Pollard court was addressing "the enforceability of a forfeiture provision against an employee who was involuntarily terminated without fault." Pollard, 852 F.2d at 70. Plaintiff alleged in his complaint that "on or about November 30, 2011, the Plaintiff and Defendant . . . entered into an agreement to facilitate Plaintiff's retirement." ¶11. Based on this allegation, the Court determined that Pollard did not apply where, as here, the plaintiff was not involuntarily terminated. In order to proceed, therefore, plaintiff had to establish that the forfeiture decision was the product of fraud or bad faith. His claim failed because he did not allege that the board acted fraudulently or in bad faith.

Plaintiff now seeks leave to amend his complaint to allege that he was involuntarily terminated.

-2-

## II.    Legal Standard

A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e).  United States v. Metropolitan St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006).  Rule 59(e) motions serve the limited function of correcting "manifest errors of law or fact or to present newly discovered evidence."  Id. (citations omitted).  "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment."  Id.

"Although a pretrial motion for leave to amend one's complaint is to be liberally granted, different considerations apply to motions filed after dismissal."  Hawks v. J.P. Morgan Chase Bank, 591 F.3d 1043, 1050 (8th Cir.2010) (citation omitted).  After a complaint has been dismissed, "the right to amend under Federal Rules of Civil Procedure 15(a) terminates."  Dorn v. State Bank of Stella, 767 F.2d 442, 443 (8th Cir. 1985).  It is within the court's discretion to refuse to allow amendment of pleadings because of a failure to explain a delay in seeking leave to amend or if the amendment would be futile.  Schriener v. Quicken Loans, Inc., 4:12CV1193 CDP, 2013 WL 147842, at *1 (E.D. Mo. Jan. 14, 2013) (citing Humphreys v. Roche Biomedical Lab., Inc., 990 F.2d 1078, 1882 (8th Cir. 1993), and Niagara of Wis. Paper Corp. v. Paper Indus. Union–Mgmt. Pension Fund, 800 F.2d 742, 749 (8th Cir. 1986)).

## III.    Discussion

Defendant filed its motion to dismiss on January 29, 2013, and the Court granted the motion on August 15, 2013.  Plaintiff thus had ample time to seek amendment of his pleadings before the Court issued its ruling.  He provides no explanation for his failure to seek leave to amend at an earlier time.  Instead, he

-3-

argues that the Court's dismissal was based on an error of fact – *i.e.*, that he left his employment voluntarily.  He makes no acknowledgment that this "error" was based on the allegations in his complaint.  He now submits documents to show that he was given the choice of either accepting retirement or being terminated.  Plaintiff had these documents at his disposal when he filed his complaint.  And, he was on notice that the circumstances under which his employment ended were significant to the analysis:  The Pollard case on which he relied established the standard for an *involuntarily* terminated employee.  Defendant argued that Pollard was distinguishable because plaintiff alleged that he had retired.  Despite being in possession of the documents and on notice of the critical issues, plaintiff chose not to correct his pleadings until after his case was dismissed.  The instant motion is a misuse of Rule 59(e).  See Auto-Owners Ins. Co. v. Mid-America Piping, Inc., 4:07 CV 00394, 2008 WL 2277594, at *2 (E.D. Mo. May 29, 2008) ("[T]he Court's limited resources are not maximized when it engages in the oft meticulous and time-consuming task of reviewing the parties' arguments and exhibits, only to be confronted with successive, fresh legal theories and issues thereafter.").

In addition to being untimely, plaintiff's proposed amendment would be futile. Section 8.2 of the plans provides:

> Termination of Employment.  If employment with the Company of a Key employee who is a Participant terminates for any reason other than death, Disability, Retirement, or any Approved Reason, unpaid Awards granted hereunder. . . shall be canceled or forfeited, as the case may be, unless the Participant's Award Notice provides otherwise.

§ 8.2 (emphasis added).

The plans define "Award Notice" as:

> [A] written notice from the Company to a Participant that establishes the terms, conditions, restrictions, and limitations applicable to an Award in

-4-

addition to those established by this Plan and by the Board's exercise of its administrative powers.

§ 2.3.

An "Award" is defined as "shares of Restricted Stock" or "Employee Stock Options." § 2.2.

If plaintiff were involuntarily terminated, as he now alleges, his stock shares and options would have been forfeited under § 8.2. Plaintiff attempts to avoid the operation of this provision by stating that he falls within the underlined exception, based on a letter provided by defendant on December 5, 2011, after his separation from the company. This letter outlined the procedures for redeeming his vested shares and options and did not award plaintiff shares of stock or options. The letter is not an "Award Notice." Thus, upon his alleged involuntary termination from the company, plaintiff's shares would have been forfeited by operation of § 8.2.

For the foregoing reasons,

IT IS HEREBY ORDERED that plaintiff's motion to reconsider and for relief from order of dismissal [Doc. #20] is denied.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 15th day of November, 2013.

-5-